1
2
3

Mary Ellen Barilotti (SBN 112549)
Post Office Box 678
Hood River, Oregon 97031
Tel No. (805) 705-5762
email: mebarilotti@msn.com

4

Attorney for Plaintiffs

5

6

UNITED STATES DISTRICT COURT

7

FOR THE DISTRICT OF COLORADO

8

9

DAVID P. SHERER; JOHN H. LICHT;
And Others Similarly Situated,

10

Plaintiffs,

11

vs.

12

UNITED STATES FOREST SERVICE;

13

GLENN P. CASAMASSA, Forest
Supervisor for Arapaho & Roosevelt

14

National Forest;

15

TROY EID, United States Attorney,

16

Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**CLASS ACTION COMPLAINT FOR
DECLARATORY AND INJUNCTIVE
RELIEF**

**28 U.S.C. 1331; 28 U.S.C. 2201;
5 U.S.C. 702**

17
18
19
20
21
22
23
24
25
26
27
28

1

STATEMENT OF THE CASE

1. This is a civil action for declaratory and injunctive relief brought by the named Plaintiffs and others similarly situated. Plaintiffs seek a determination by this Court that Defendant, United States Forest Service, by and through Glenn P. Casamassa, exceeded the scope of its legislative authority in implementing the Federal Lands Recreation Enhancement Act (REA). The area in question is known as the Mt. Evans Recreation Area. As implemented, Plaintiffs assert that the Defendant Forest Service has and is violating several provisions contained in the REA. Further, the Service's actions are arbitrary and capricious, violate Plaintiffs' First Amendment and Fifth Amendment rights and exceed the scope of federal jurisdiction in its attempt to enforce the REA on non-federal lands.

BACKGROUND

2. The REA was attached as a rider to the Omnibus Appropriations Reconciliation Bill and was signed into law on December 8, 2004. The Recreational Fee Demonstration Act, enacted by Congress in 1996, was immediately repealed by the REA, with the exception that fees could be collected so long as the policy for collecting the fee was consistent with the new provisions of the REA. In enacting the REA, Congress desired to specify when and for what uses fees could be collected and to provide guidelines to the Service with respect to its enforcement authority. In 1997, pursuant to its authority under the now repealed Fee Demonstration Act, the Forest Service began charging a fee to access the Arapaho National Forest, by placing a fee station along State Highway 5, also known as the Mt. Evans Scenic Byway. Motorists, bicyclists, hikers and other forest visitors were required to pay a fee to traverse along a 15-mile stretch of the highway to its terminus. The Forest Service continues to enforce this policy despite the new limitations placed on it by the REA. The only change made in its policy was to waive the fee to allow vehicles to freely drive along the road as long as the motorist does not park his/her car anywhere along the 15-mile corridor. Motorists, however, were not informed of this policy. In June, 2007, pursuant to a contract with the Colorado Department of Transportation the Service agreed on signage that states

that "parked vehicles must display a valid recreation pass next 15 miles." Following the enactment of the REA, the Service designated the Mt. Evans Recreation Area as a High Impact Recreation Area (HIRA), a designation not specifically authorized by Congress. The area encompasses the last 15 miles of the State Highway 5 corridor. The corridor provides scenic pullouts and access to hike into the adjacent Mt. Evans wilderness.

3.   The enforcement provisions of the REA state that a fee violation offense shall be prosecuted as either a Class A or Class B misdemeanor, both of which authorize the potential for incarceration. In addition, persons who lend their vehicle to a friend or family member are conclusively presumed to be guilty of a crime if a pass was not properly displayed by the borrower of the car, thereby subjecting the owner of the car to fines and imprisonment.

<u>JURISDICTION</u>

4.   This Court has jurisdiction pursuant to 28 U.S.C. 1331 (Federal Question Jurisdiction), 28 U.S.C. 2201 (Declaratory Judgment Act), 5 U.S.C. 702 (Administrative Procedures Act) and Rule 57 of Federal Rules of Civil Procedure.

<u>VENUE</u>

5.   28 U.S.C. 1391(e) provides that in a civil action in which each defendant is an officer or employee of the United States or any agency thereof acting in his official capacity, or under color of legal authority, or any agency of the United States, the action may be brought in any judicial district in which Plaintiffs in action reside. Plaintiffs are legal residents of the District of Colorado and Defendant U.S. Forest Service is an agency which operates within the District.

<u>PARTIES</u>

<u>PLAINTIFFS</u>

6.  Plaintiff David P. Scherer resides in Colorado full-time. He frequently visits a private residence less than 15 miles from the fee station located at the lower terminus of State Highway 5. He is an avid skier, hiker and bicyclist. He is a frequent visitor to Mt. Evans. He has an extensive background in outdoor recreation and has traveled independently all over the world. Prior to the

current enforcement of the REA, the Plaintiff's activities at Mt. Evans included bicycling to State Highway 5 and then to the Mt. Evans summit, hiking on trails in the wilderness, enjoying the scenery at various pullouts along State Highway 5, and parking at Summit Lake to access trails and skiing within the Mt. Evans wilderness. The Mt. Evans corridor is an important part of his exercise and wellness program.

7.   Plaintiff John H. Licht is a practicing attorney who has lived in the Denver area since 1973. He has been up the Mt. Evans Highway dozens of times to cross country ski, hike around Summit Lake, look at and photograph alpine wildflowers, glissade the snowfields and walk on the trails. Plaintiff Licht has reluctantly paid the fees demanded of him by the Service.

DEFENDANTS

8.   Defendant United States Forest Service is an agency of the Department of Agriculture, acting by and through a chief of the Forest Service, under a delegation of authority from the Secretary of Agriculture.

9.   Defendant Glenn P. Casamassa is an officer of the United States, employed by the Department of Agriculture, Forest Service in the official capacity of Forest Supervisor in the Arapaho/Roosevelt National Forest. Defendant Casamassa, in his capacity as Forest Supervisor, is the principal administrative official responsible for carrying out the laws of the United States within the jurisdiction of the Arapaho/Roosevelt National Forest.

10. Defendant Troy Eid is the United States Attorney responsible for the enforcement of federal laws in the State of Colorado.

CLASS ACTION ALLEGATIONS

11.   The named Plaintiffs bring this action as a class action pursuant to Rule 23(b)(1) and (2) of the Federal Rules of Civil Procedure.

12.   Plaintiffs filed this complaint on behalf of themselves and all others similarly situated and seek injunctive and declaratory relief for the unconstitutional and unlawful actions and inactions of Defendants as set forth herein. The named Plaintiffs have paid fees to access Mt. Evans but

1    assert that such fees were unlawfully charged. Plaintiff Scherer is a person who has received a

2    Notice of Non-Compliance, subjecting him to potential criminal prosecution.

3        13.   Joinder of all members is impracticable as the class includes thousands of people from

4    across the nation who visit Mt. Evans on an annual basis. The questions of law and fact are

5    common to all members of the Plaintiff class, i.e. whether or not the Forest Service exceeded its

6    legislative authority in establishing and implementing a fee requirement to access the Mt. Evans

7    HIRA.

8        14.   The claims of the representative parties are typical of those of the class in that the

9    constitutional and statutory violations alleged by the named Plaintiffs and caused by Defendants are

10   materially the same as those suffered by all other class members.

11       15.   The representative parties will fairly and adequately protect the interest of the class.

12   The named Plaintiffs have no interest antagonistic to those of the class.

13       16.   The prosecution of separate actions by individual members of the class could create a

14   risk of inconsistent and varying adjudications with respect to individual members of the class which

15   could establish incompatible standards of conduct for Defendants.

16       17.   Defendants have and continue to require recreational motorists who park in the Mt.

17   Evans HIRA, as well as hikers and bicyclists entering the HIRA, to pay a fee to do so.

18                                    IRREPARABLE HARM

19       18.   Plaintiffs have suffered and will continue to suffer irreparable harm in that the

20   Defendant Service threatens to and has prosecuted persons for conduct engaged in by Plaintiffs. A

21   Notice of Non-Compliance, requiring payment under threat of legal action, has been placed on

22   Plaintiff Scherer's vehicle. The Defendant Service's threat of criminal prosecution has a chilling

23   effect on Plaintiff's right to travel and on his use of the forest for walking, riding a bike, or simply

24   enjoying the view. If the Defendants are permitted to continue their practice of threatening

25   prosecution for conduct it does not have the power to regulate, Plaintiffs and others similarly

26   situated may be charged with a crime before a magistrate or other judicial tribunal and suffer the

27

28

consequences of a criminal prosecution and possible conviction. To avoid the threat of criminal prosecution Plaintiffs and others have paid fees to the Service that it was not entitled, by law, to charge.

19.  Plaintiffs have no adequate remedy at law to compel Defendants to cease and desist their unlawful implementation of the REA. Only Declaratory and Injunctive Relief can protect Plaintiffs from Defendants' threats and potential prosecution.

<u>THE STATUTORY LANGUAGE AT ISSUE</u>

20. 16 U.S.C. 6802(f)(4) authorizes the Service to charge a standard amenity fee on federal lands subject to specific limitations described in 16 U.S.C. 6802(d).

Except as limited by 16 U.S.C. 6802(d), 16 U.S.C. 6802(f) authorizes a fee only for an area that:

(A)  provides significant opportunities for outdoor recreation;
(B)  that has substantial federal investments;
(C)  where fees can be efficiently collected; and
(D)  that contains all of the following amenities:
   (i)  Designated developed parking.
   (ii) A permanent toilet facility.
   (iii) A permanent trash receptacle.
   (iv) Interpretive sign, exhibit or kiosk.
   (v)  Picnic tables.
   (vi) Security services.

21. 16 U.S.C. 6802(d)(1) states: PROHIBITION ON FEES FOR CERTAIN ACTIVITES OR SERVICES ----The Secretary shall not charge any standard amenity fee for Federal recreation lands and waters administered by the Bureau of Land Management, the Forest Service, or the Bureau of Reclamation under this act for any of the following:

(A) Solely for parking, undesignated parking, or picnicking along roads or trailsides.
(B) For general access unless specifically authorized under this section.
 (C) For dispersed areas with low or no investment unless specifically authorized under this section.
 (D) For persons who are driving through, walking through, boating through, horseback riding through, or hiking through Federal recreational lands and waters without using the facilities and services.
 (E) For camping at undeveloped sites that do not provide a minimum number of facilities

and services described in 16 U.S.C. 6802(g)(2)(A)
(F) For use of overlooks or scenic pullouts.
-----------------------------------------

22. 16 U.S.C. 6802(e)(2) provides that the Secretary shall not charge an entrance fee for Federal recreational lands and waters managed by the Bureau of Land Management, the Bureau of Reclamation, or the Forest Service.

23. 16 U.S.C. 6811(c) provides that the registered owner and any occupant of a vehicle charged with a nonpayment violation involving the vehicle shall be jointly liable for penalties imposed under this section, unless the registered owner can show that the vehicle was used without the registered owner's express or implied permission.

24. 16 U.S.C. 6811(d) provides that the failure to pay a recreation fee established under this Act shall be punishable as a Class A or Class B misdemeanor, except that in the case of a first offense of nonpayment, the fine imposed may not exceed $100, notwithstanding section 3571(e) of Title 18, United States Code.

FACTUAL ALLEGATIONS

25. Following the enactment of the REA in 2004, Forest Service administrators designated the Mt. Evans highway corridor as a HIRA, which is within the Arapaho/Roosevelt National Forest.

26. The Forest Service requires motorists, hikers and bicyclists entering the HIRA to pay a fee at a fee station located on State Hwy 5, 0.1 miles from the intersection of State Highway 103 and Highway 5. The fee for a vehicle with 12 or fewer passengers is $10.00, regardless of the number of passengers. For bicyclists, motorcycles and hikers the fee is $3.00.

27. Pursuant to an agreement entered into on July 2, 2007 between the Forest Service and the Colorado Department of Transportation, the Service agreed to post a sign at the fee station on State Highway 5 advising visitors that parked vehicles must display a valid recreation pass. In doing so, the State took no position regarding the collection of user fees by the Service.

28. The Service has placed the sign stating that parked cars must display a valid recreation pass approximately 50 feet beyond the fee station with the view of the sign blocked by the fee

station.

29.  State Highway 5 is maintained by and under the jurisdiction of the State of Colorado.

30. The policy of the Service requires that vehicle operators purchase and display a pass on their cars when parked anywhere along or adjacent to State Highway 5.

31. There are numerous undesignated scenic pullouts maintained by the State of Colorado along the 15 mile stretch of State Highway 5 at various elevations. These pullouts are located at Milepost 1.0, Milepost 3.4, Milepost 3.8, Milepost 4.5, Milepost 5.7, Milepost 6.2, Milepost 6.8, Milepost 8.9, Milepost 9.2, Milepost 10.4, Milepost 11.1, Milepost 13.3, Milepost 13.9, and Milepost 14.3. This list is not inclusive.

32. There are no federal amenities located at the above-described scenic pullouts.

33. State Highway 5 provides access for hikers to hike into the wilderness along both established and undeveloped trails.

34. When no pass is displayed on a vehicle or when the Fee Enforcement Officer does not see a pass displayed, vehicle operators are initially given a warning notice (Notice of Non-Compliance). This notice is left on the vehicle, advising that the failure to pay may result in legal action against them. Unless the vehicle operators can prove their innocence, the Service demands not only the fee but also a monetary ($1.00) penalty.

35.  There are two parks owned by the City and County of Denver which are located wholly or partially within the HIRA. The Echo Lake Denver Mountain Park is located at the bottom of State Highway 5. The Summit Lake Park is located at milepost 9, at an elevation of 12,880 feet.

36.  The Service requires all vehicle operators parked within Summit Lake Park to adhere to the Service's fee requirements or risk federal prosecution. Vehicle operators parked within the HIRA but within the boundaries of Echo Lake Park, are also required to pay a fee to the Forest Service.

37. A fee sharing agreement pertaining to Summit Lake Park and entered into on June 8, 2007, between the City and County of Denver and the Forest Service, provides that the Forest

Service will be responsible for enforcement of their own laws and regulations on lands for which they have jurisdiction. The agreement further states that the Forest Service will not issue notices on behalf of DENVER. Nonetheless, the Service threatens federal criminal prosecution on land within the jurisdiction of the City and County of Denver.

38.  The Mt. Evans HIRA does not contain areas where the amenities required by Congress are available to justify the payment of a fee.

39. Defendants rely on the authority of the REA to require motorists who drive along Colorado State Highway 5 to purchase and display the pass when parked along the State Highway or when parked at various pullouts, scenic overlooks and vista areas.

40.  Defendants rely on the authority of the REA to charge hikers and bicyclists a fee to bike and walk along Colorado State Highway 5.

41. Defendants have failed to obtain the necessary legislative concurrent jurisdiction to enable them to charge federal criminal offenses to persons parked along the State Highway or parked within scenic pullouts, maintained by the State. Nor do Defendants have concurrent jurisdiction to enforce federal law in parks owned by the City and County of Denver.

CAUSES OF ACTION

FIRST CAUSE OF ACTION

VIOLATION OF THE FEDERAL LANDS

RECREATION ENHANCEMENT ACT

42.  Paragraphs 1 though 41 are incorporated herein by reference the same as though pleaded in full.

43. Defendants' policy exceeds the scope of its legislative authority since they developed the policy without following the substantive law that defines and delimits the scope of its authority. The REA authorizes a standard amenity fee only in areas where the enumerated amenities exist. (16 U.S.C. 6802(f)(4)) The Mt. Evans HIRA is devoid of any area where all the required amenities exist. Even if the Service were to argue that some amenities are spread out throughout the area

adjacent to the 15-mile stretch of Highway, Congress placed limits on fee collection authority even within areas otherwise subject to a fee. 16 U.S.C. 6802(f) authorizes a standard amenity fee "except as limited by subsection(d)".

44. Congress provided that in no event may the Service charge "solely for parking, undesignated parking, or picnicking along roads or trailsides." (16 U.S.C. 6802(d)(1)(A)) The Service charges a fee for anyone parked within the HIRA, thereby unilaterally nullifying any effect of the specific legislative directives authorizing free parking and picnicking along roads and trailsides. Congress is well aware that persons drive to National Forests. Hence it legislated that a person was free to drive to the forest, park and have a picnic at trailsides and along roads when not in designated picnic or camping areas that provide all of the standard amenities.

45. Congress prohibited the Service from charging general access fees or admission fees. (16 U.S.C. 6802(d)(1)(B); 16 U.S.C. 6802(f)). The Service charges a fee at the fee station for general access to the HIRA. This fee may also be construed as an entrance fee.

46. Congress provided for free use of dispersed areas with low or no investment unless specifically authorized by Congress. (16 U.S.C. 6802(d)(1)(C)) The areas adjacent to the State Highway 5 corridor are dispersed back country areas. By charging persons a fee to traverse and park everywhere within the State Highway corridor, the Service is precluding hikers from freely accessing the forest to hike in dispersed areas in and around the HIRA.

47. Congress provided that a fee cannot be charged for "persons who are driving through, walking through, boating through, horseback riding through, or hiking through Federal recreational lands and waters without using the facilities and services." (16 U.S.C. 6802(d)(1)(D)) The policy of the Service is to charge all hikers a fee even if the hiker only wishes to traverse Highway 5 and the trails located in and around the HIRA. The Service is thereby violating the provisions set forth by Congress. The trails in and around the HIRA do not have the amenities that Congress required as a precondition to the Service's authority to levy a fee.

48. Congress prohibited the Service from charging a fee for the use of overlooks or scenic

pullouts. (16 U.S.C.6802(d)(1)(f)) The Service enforces its fee collection policy on persons parked at scenic pullouts and overlooks along State Highway 5 since its policy is to charge a fee for anyone parked within the boundaries of its unilaterally-created HIRA.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE FIRST AMENDMENT

49. Paragraphs 1 through 48 are herein incorporated by reference the same as though pleaded in full.

50. The requirement for all motorists to purchase and display a pass on cars parked within the boundary of the Mt. Evans HIRA has a significant chilling effect on Plaintiffs' right to freely travel on Colorado State Highway 5 and stop enroute to enjoy the scenery on pullouts maintained and managed by the State of Colorado.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE FIFTH AMENDMENT

## TO THE UNITED STATES CONSTITUTION

51. Paragraphs 1 through 50 are herein incorporated by reference, the same as though pleaded in full.

52. The REA authorizes the Service to conclusively presume that owners of vehicles are criminally culpable for failing to pay a fee, without any evidence that the owner of the vehicle was in the HIRA for purposes of triggering a fee requirement. (16 U.S.C. 6811) Irrebuttable presumptions pertaining to an element of a crime are an unconstitutional violation of Plaintiffs' Fifth Amendment rights to due process.

## FOURTH CAUSE OF ACTION

## THE SERVICE EXCEEDS THE SCOPE OF ITS LEGISLATIVE AUTHORITY

## BY ENFORCING FEDERAL LAW ON NON-FEDERAL LANDS

53. Paragraphs 1 through 52 are herein incorporated by reference the same as though pleaded in full.

54.  State Highway 5 and the adjacent pullouts are maintained by the State of Colorado. The Service is without jurisdiction to enforce any provisions of the REA on State-owned property.

55.  Echo Lake Park and Summit Lake Park are owned by the City and County of Denver. The Service is without jurisdiction to enforce any provisions of the REA on City and County property.

56.  In order to assert Federal jurisdiction on non-federal lands, the Service is required to adhere to the requirements of the Federal Land Policy and Management Act. (FLPMA)(43 U.S.C. 1715)

57. The Service did not follow the procedures contained in the FLPMA since they have not acquired ownership of State Highway 5 or the property owned by the City and County of Denver.

58.  In asserting jurisdiction, the Forest Service is in violation of art. I § 8 cl. 17 of the United States Constitution.

PRAYER FOR RELIEF

Therefore, Plaintiffs pray that this Court:

1. Declare that the Forest Service in Colorado exceeded the scope of its legislative authority in establishing the Mt. Evans HIRA wherein fees are charged for that which Congress has prohibited;

2. Declare that the Service is without jurisdiction to enforce the REA on non-federal land;

3. Enjoin the Defendant Forest Service from further implementation of its policy;

4. Declare that all signs be removed in the HIRA which state a fee is required for that which Congress has prohibited fees and that new signs be posted reflecting that a fee is required for the use of developed picnic and camping sites.

5.  Refund monies to Plaintiffs and others similarly situated for improperly charging a fee

when parking in the HIRA, for hiking to and through the HIRA and for bicycling to and through the HIRA; and

6. Award Plaintiffs their reasonable fees, costs and expenses associated with this litigation pursuant to the Equal Access to Justice Act 28 U.S.C. 2412 or other authority; and grant Plaintiffs such additional and further relief as the Court deems just and equitable.

RESPECTFULLY SUBMITTED this 5th day of May, 2008.


/s/Mary Ellen Barilotti,
Attorney for Plaintiffs