# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00917-MEH-KMT


DAVID P. SCHERER,
JOHN H. LICHT,
AARON JOHNSON,
MIKE LOPEZ, and
BARBARA BRICKLEY,

        Plaintiffs,


v.


UNITED STATES FOREST SERVICE,
GLENN P. CASAMASSA, Forest Supervisor for Arapaho & Roosevelt National Forest; and
DAVID GAOUETTE,[1] Acting United States Attorney,

        Defendants.

---

## FEDERAL DEFENDANTS' MOTION TO DISMISS UNDER FED.R.CIV.P. 12(B)(1) FOR LACK OF SUBJECT MATTER JURISDICTION AND FED.R.CIV.P. 12(B)(6) FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

---

[1]David Gaouette is substituted for Troy Eid pursuant to Federal Rule of Civil Procedure 25(d).

# TABLE OF CONTENTS

STATEMENT PURSUANT TO § III.A.2,  JUDGE WILEY Y. DANIEL
PRACTICE STANDARDS  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

LEGAL STANDARDS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

BACKGROUND & STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

I.      Plaintiffs' Claims Must be Dismissed Because Plaintiffs have Failed to
        Identify a Waiver of Sovereign Immunity that Permits their Claims
        Against the Government. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

                A.      Plaintiffs have Not Identified a Statute that Waives the
                        Government's Sovereign Immunity for the Claims
                        they have Asserted. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

                B.      No Exception to the Bar of Sovereign Immunity Applies
                        to Plaintiffs' Claims. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

                C.      There is No Waiver of Sovereign Immunity for Plaintiffs'
                        Monetary claims. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

II.     Plaintiffs' First Cause of Action Must be Dismissed Because there is
        no Private Right of Action under REA. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

III.    Plaintiffs' Second Cause of Action Should be Dismissed Because the
        Allegations Fail to State a Claim Upon Which Relief May be Granted. . . . . . . . . . . . . . 11


CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

# TABLE OF AUTHORITIES

**FEDERAL CASES**

Alexander v. Sandoval,
   532 U.S. 275 (2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Basso v. Utah Power & Light Co.,
   495 F.2d 906 (10th Cir. 1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Branson Sch. Dist. RE-82 v. Romer,
   161 F.3d 619, 636 (10th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Camfield v. United States,
   167 U.S. 518, 524-25 (1897) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Dep't of Army v. Blue Fox, Inc.,
   525 U.S. 255 (1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Erickson v. Pardus,
   127 S.Ct. 2197 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Grand Lakes Estates Homeowners' Ass'n v. Veneman,
   340 F. Supp. 2d 1162 (D. Colo. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Great-West Life & Annuity Ins. Co. v. Knudson,
   534 U.S. 204 (2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9,10

Groundhog v. Keeler,
   442 F.2d 674 (10th Cir. 1971) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

High Country Citizens Alliance v. Clark,
   454 F.3d 1177 (10th Cir.  2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Holt v. United States,
   46 F.3d 1000, 1002-03 (10th Cir.1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Kelley v. United States,
   69 F.3d 1503 (10th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6,7

Kleppe v. N.M.,
    426 U.S. 529 (1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12,14

Lane v. Pena,
    518 U.S. 187 (1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Lane v. Simon,
    495 F.3d 1182 (10th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Larson v. Domestic & Foreign Commerce Corp.,
    337 U.S. 682 (1949) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Laughlin v. Kmart Corp.,
    50 F.3d 871 (10th Cir.1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

New Mexico v. Regan,
    745 F.2d 1318 (10th Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6,7

Ridge at Red Hawk, LLC v. Schneider,
    493 F.3d 1174 (10th Cir.2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

S.J. Groves & Sons Co. v. United States,
    495 F. Supp. 201 (D. Colo. 1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Schulke v. United States,
    544 F.2d 453 (10th Cir. 1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Simmat v. U.S. Bureau of Prisons,
    413 F.3d 1225 (10th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Stanton v. Ash,
    384 F. Supp. 625 (S.D. Ind. 1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Sw. Air Ambulance, Inc. v. City of Las Cruces,
    268 F.3d 1162 (10th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10,11

United States v. Arbo,
    691 F.2d 862 (9th Cir. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

United States v. Hymans,
    463 F.2d 615 (10th Cir. 1972) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

iii

U.S. v. Lindsey,
    595 F.2d 5 (9th Cir. 1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

United States v. $30,006.25,
    236 F.3d 610 (10th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

United States v. Murdock Mach. and Eng'g Co. of Utah,
    81 F.3d 922 (10th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5,6

United States v. Testan,
    424 U.S. 392 (1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Wy. v. United States,
    279 F.3d 1214 (10th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7,8,9,12

**FEDERAL STATUTES**

5 U.S.C. § 702 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

5 U.S.C. § 706(2)(B) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

16 U.S.C. § 551 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

16 U.S.C. § 559g . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

16 U.S.C. § 572 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

16 U.S.C. § 6801 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

16 U.S. C. § 6802(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

16 U.S.C. § 6802(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4,8

16 U.S.C. § 6802(d)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

16 U.S.C. § 6802(f)(4) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4,8

16 U.S.C. § 6805 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

16 U.S.C. §§ 6801-6814 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

16 U.S.C. §§ 6806(c)(1)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

16 U.S. § 6807(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

16 U.S.C. § 6812(f) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

28 U.S.C. § 1331 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

28 U.S.C. § 1361 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

28 U.S.C. § 2201 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

43 U.S.C. § 1715 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

H.R. Rep. No. 108-790(I) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3,4,15

U.S. Const., art. IV, § 3, cl. 2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

U.S. Const., art. I, § 8, cl. 17 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1,14

Federal Rules of Civil Procedure §12(b)(1), 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

## STATEMENT PURSUANT TO § III.A.2,
## JUDGE WILEY Y. DANIEL'S PRACTICE STANDARDS

Defendants do not believe it is necessary to convert this motion into a motion for summary judgment because the jurisdictional issues can be decided on the basis of the pleadings and case law. Should the Court decide that information outside the pleadings is necessary to resolve the case, Defendants have concurrently filed a separate motion for summary judgment.

## INTRODUCTION

The United States Department of Agriculture, Forest Service ("Forest Service") charges a standard amenity recreation fee ($10 per vehicle, or $3 for pedestrians) under the Federal Lands Recreation Enhancement Act ("REA"), 16 U.S.C. §§ 6801-6814, for recreational use of the Mt. Evans High-Impact Recreation Area ("HIRA"), a scenic corridor within the Arapaho National Forest that has been improved and maintained by the Forest Service to enhance the visitor's experience. Plaintiffs are recreational users of the area, one of whom received a notice of opportunity to pay the fee when he parked his vehicle in and used the HIRA. Plaintiffs claim[2] that the Forest Service has exceeded its statutory authority by establishing the Mt. Evans HIRA and requiring that any visitors who use the HIRA must display a pass reflecting their payment of the fee on vehicles parked within the HIRA; and that the Agency's enforcement of its fee collection policy on lands within the HIRA owned by the City and County of Denver (hereinafter, "City-owned land") violates the Enclave Clause of the Constitution. U.S. CONST. art. I, § 8, cl. 17. Plaintiffs seek declaratory and injunctive relief and a refund of fees collected for recreations use of the Mt. Evans HIRA. AC, Prayer for

---

[2]On December 8, 2008, Plaintiffs amended their Complaint to eliminate reference to the Administrative Procedure Act ("APA"); allegations that the case was a class action; and two constitutional claims asserted in the original Complaint. Dkt. #42. Except as otherwise noted, references herein to the Amended Complaint are to "AC ¶ __."

1

Relief, ¶¶ 1-5.

Defendants move to dismiss Plaintiffs' claims under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  Plaintiffs' first claim alleges violations of a federal statute, REA,[3] and their second claim alleges violations of the Constitution.  Both claims must be dismissed because the Amended Complaint does not identify a waiver of sovereign immunity that would permit those claims; because REA does not confer a private right of action for violations of the statute; and because Plaintiffs' allegations that the Agency's efforts to collect fees on City-owned land within the HIRA's boundaries fails to state a claim upon which relief may be granted..

## LEGAL STANDARDS

Subject matter jurisdiction is the court's authority to hear a case and cannot be waived. Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir.1995). A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusory allegations of jurisdiction." Keeler, 442 F.2d at 677. The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. See Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974). Under Rule 12(b)(1), if a party attacks the facial sufficiency of the complaint, the court must accept the allegations of the complaint as true, but if the party attacks subject matter jurisdiction through affidavits and other documents, the court may make its own findings of fact. Holt v. United States, 46 F.3d 1000, 1002-03 (10th Cir.1995).

--------

[3] Plaintiffs' first claim asserts that the Forest Service has exceeded the scope of its legislative authority, thereby violating "the constitutional requirements separating the three branches of government." AC ¶ 49.  This allegation does not implicate any recognized right of Plaintiffs, and should be disregarded because it is wholly conclusory.  Groundhog v. Keeler, 442 F.2d 674, 677 (10th Cir. 1971). The gravamen of Plaintiffs' first cause of action is a purported violation of REA, not of the Constitution.  AC ¶¶ 49-54.

2

When deciding a motion to dismiss brought pursuant to Rule 12(b)(6), the court also must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the Plaintiff. Erickson v. Pardus, 127 S.Ct. 2197 (2007). The complaint must sufficiently allege facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed. Lane v. Simon, 495 F.3d 1182 (10th Cir. 2007). However, "the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." Ridge at Red Hawk, LLC v. Schneider, 493 F.3d 1174, 1177 (10th Cir.2007). Under Rule 12(b)(6), a court may only consider the complaint and any documents attached to it as exhibits. Erickson, 127 S.Ct. at 2200 (evaluating sufficiency of complaint by reference only to the allegations of the complaint).

## BACKGROUND AND STATEMENT OF FACTS

In 1996, Congress enacted a law ("Fee Demo" Program) which authorized the federal land management agencies, including the Forest Service, to charge and collect fees for the use of certain outdoor recreation sites, or for admission to certain areas. In 2004, the Fee Demo Program statute was repealed and superseded by REA. REA authorizes the Forest Service to "establish, modify, charge, and collect recreation fees at Federal recreational lands . . . as provided for in this section." 16 U.S.C. § 6802(a). The purpose is "to improve recreational lands by reinvesting receipts from fair and consistent recreational fees and passes, and for other purposes." H.R. Rep. No. 108-790 (I), pt. 1 at 1 (2004). The grant of authority in REA enables agencies to improve recreational facilities and visitor opportunities on federal lands by providing for the collection, retention, and expenditure of fee receipts at the sites where they were generated. See 16 U.S.C. §§ 6806(c)(1)(A) (at least 80% of fees and revenues collected at specific sites must be used there), 6807(a) (specifying how funds

3

may be expended). This recreation fee authority is critical to the sustainability of Forest Service recreation programs. <u>See</u> H.R. Rep. No. 108-790 (I) pt. 1, at 13 (2004) ("Backlogged maintenance and infrastructure needs for these agencies is substantial . . . [reaching] into the billions of dollars.").

REA authorizes the Agency to charge a standard amenity recreation fee, except as limited by 16 U.S.C. § 6802(d), for any area that includes certain amenities. 16 U.S.C. § 6802(f)(4). This provision establishes nine minimum criteria for charging fees for the recreational use of an "area"– a term that is not otherwise defined in the statute. <u>See</u> 16 U.S.C.§ 6801 (definitions).  REA also enumerates prohibitions on charging fees for certain activities and services. 16 U.S.C. § 6802(d)(1).

On April 25, 2005, shortly after REA was enacted and as expressly contemplated by REA, 16 U.S.C. § 6812(f), the Forest Service issued interim implementation guidelines to ensure that existing recreation fee projects were consistent with the requirements of REA.  The Federal Lands Recreation Enhancement Act (REA), Forest Service Interim Implementation Guidelines, Issued April 25, 2005 (attached hereto as "Exhibit AA") (hereinafter "Guidelines"). The Guidelines establish the Agency's concern with responsiveness to the public and compliance with REA:

> Conscientious, consistent, and conservative implementation of REA will protect . . . [the Forest Service's recreation fee] authority and demonstrate the agency's ability to meet expectations of the general public and Congress.  Careful adherence to these guidelines will promote national consistency. . . .

Ex. AA at p. 4. The Guidelines provide for charging a recreation fee for the use of areas, including HIRAs that meet all nine requirements in REA.  <u>Id.</u> at pp. 9-10.  The Guidelines also impose four requirements HIRAs must meet in addition to the nine requirements in 16 U.S.C. § 6802(f)(4).  <u>Id.</u> In addition, the Guidelines incorporate the prohibitions in 16 U.S.C. § 6802(d)(1), as well as their underlying rationale. <u>Id.</u> at p. 7.

4

**ARGUMENT**

I.   Plaintiffs' Claims Must be Dismissed Because Plaintiffs have Failed to Identify a Waiver of Sovereign Immunity that Permits their Claims Against the Government.

"It long has been established, of course, that the United States, as sovereign, 'is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" United States v. Testan, 424 U.S. 392, 399 (1976).  A waiver of sovereign immunity must be unequivocally expressed.  Lane v. Pena, 518 U.S. 187, 192 (1996).  This waiver also must be "strictly construed, in terms of its scope, in favor of the sovereign." Dep't of Army v. Blue Fox, Inc., 525 U.S. 255, 261 (1999); see also United States v. Murdock Mach. and Eng'g Co. of Utah, 81 F.3d 922, 932 (10th Cir. 1996) ("[T]he government is immune from injunctive process in the absence of an express waiver by Congress of its sovereign immunity.").  "The policy behind this rule is that the government should not be hampered in its performance of activities essential to the governing of the nation, unless it has given its consent." Murdock Mach. and Eng'g Co. of Utah, 81 F.3d at 930. The Amended Complaint does not identify any waiver of sovereign immunity and therefore must be dismissed.

   A.   Plaintiffs Have Not Identified a Statute that Waives the Government's Sovereign Immunity for the Claims they have Asserted.

The Amended Complaint challenges the Agency's fee policy at the Mt. Evans HIRA on statutory and constitutional grounds.  It does not rely upon 5 U.S.C. § 702 to waive sovereign immunity for these claims.[4/]  Plaintiffs have not identified any other applicable statute that could waive sovereign immunity for the claims they assert.  Therefore, those claims must be dismissed.

In particular, Plaintiffs do not contend that REA itself waives sovereign immunity or

---

[4/]The APA clearly provides for review of claims of the kind Plaintiffs assert, but sets forth the procedures and standards that must govern such review.  See cases cited in Dkt. # 36, 39.

provides a private cause of action. Two of the statutes cited in the Complaint as a basis for subject matter jurisdiction – 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 2201 (the Declaratory Judgment Act) – do not waive the government's sovereign immunity.  High Country Citizens Alliance v. Clark, 454 F.3d 1177, 1181 (10th Cir. 2006) (§ 1331); N.M. v. Regan, 745 F.2d 1318, 1323 (10th Cir. 1984) (§ 2201).  See Murdock Mach. and Eng'g, 81 F.3d at 930 ("Congress does not waive the government's sovereign immunity by granting a court jurisdiction to hear a claim.").  Plaintiffs' reliance upon the mandamus statute, 28 U.S.C. § 1361, fares no better. The statute, which vests courts with jurisdiction over "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff," does not have provide a basis for jurisdiction or relief here, where Plaintiffs seek not to compel the performance of a duty, but to prohibit Defendants  from acting (i.e., collecting fees at Mt. Evans).[5] Therefore, it does not provide a waiver in this case.

    B.      No Exception to the Bar of Sovereign Immunity Applies to Plaintiffs' Claims.

    In a status conference held before Plaintiffs filed their Amended Complaint, this Court suggested that a waiver of sovereign immunity might exist under Kelley v. United States,  69 F.3d 1503 (10th Cir. 1995).  In Kelley, the plaintiffs sought to invalidate a provision of the Federal Aviation Administration Authorization Act of 1994 which, they alleged, violated the Commerce Clause, the Tenth Amendment, and the Guarantee Clause of the Constitution. Id. at 1505. The court rejected the plaintiffs' claims on the merits, but found that it had jurisdiction to entertain the claims

_____

[5]Plaintiffs seek a refund of monies paid to use Mt. Evans, but there is no statutory basis for the return of such monies and therefore no "duty."  Schulke v. United States, 544 F.2d 453, 455 (10th Cir. 1976) ("Mandamus relief is appropriate only when the person seeking such relief can show a duty owed to him . . . that is ministerial, clearly defined and peremptory.").

6

based on an exception to sovereign immunity that permits courts to hear "declaratory and/or injunctive suits against federal entities or officials seeking to enjoin the enforcement of an unconstitutional statute." Id. at 1507. Because the Amended Complaint does not assert that REA itself is unconstitutional, the Kelley case does not apply.

A Supreme Court case cited in Kelley recognizes additional circumstances in which a Plaintiff may seek injunctive relief against federal officials without identifying a waiver of sovereign immunity. Under Larson v. Domestic & Foreign Commerce Corp., 337 U.S. 682 (1949), injunctive relief may be available notwithstanding the absence of a waiver of sovereign immunity where a government official acts ultra vires or beyond the powers extended by Congress. Id. at 689. However, Larson distinguishes between an agency's lack of statutory authority, which is sufficient to invoke the exception, and an agency's erroneous exercise of delegated power, which is not. Id. at 690. Thus, agency action is not ultra vires "if based on an incorrect decision as to law or fact, if the officer making the decision was empowered to [make the decision]." Id. at 695; S.J. Groves & Sons Co. v. United States, 495 F. Supp. 201, 206 n.5 (D. Colo. 1980) (mere fact "that defendant's acts were wrongful or erroneous is not sufficient to demonstrate that they are outside the scope of his authority"). The Tenth Circuit has reaffirmed that "an official's erroneous exercise of delegated power is insufficient to invoke the exception." Wy. v. United States, 279 F.3d 1214, 1229 (10th Cir. 2002); id. at 1230 ("[T]he question of whether a government official acted ultra vires is quite different from the question of whether that same official acted erroneously or incorrectly as a matter of law."); N.M. v. Regan, 745 F.2d 1318, 1320 n.1 (10th Cir. 1984) (ultra vires doctrine inapplicable where challenge rests not on lack of delegated power, but on argument that official's decision was incorrect as a matter of law).

In Wyoming, a state sued the Department of the Interior over its refusal to permit state

7

officials to vaccinate elk in a federally owned refuge.  The state alleged that the defendants' refusal

to allow the vaccinations violated a provision of the National Wildlife Refuge System Improvement

Act ("NWRSIA") and was therefore ultra vires.  Wyoming, 279 F.3d at 1222.  The defendants

moved to dismiss the complaint in part on the basis of sovereign immunity.  Id. at 1223.  The district

court granted the defendants' motion, concluding that the NWRSIA did not waive sovereign

immunity for Plaintiffs' claims.  Id.

The Court of Appeals affirmed the dismissal based on a finding that the ultra vires exception

to the doctrine of sovereign immunity did not apply.  Id. at 1235.  Construing the NWRSIA as a

whole, the court ruled that the statute gives the U.S. Fish and Wildlife Service (FWS) broad

authority to administer the NWRS, and that the saving clause regarding the state's authority to

regulate and manage wildlife on federal lands did not divest the FWS of the power to make a

decision regarding the health of wildlife when a state, for whatever reason, disagrees with that

decision.  Id. at 1233.[6]

Under Wyoming, this Court lacks jurisdiction over Plaintiffs' claims.  REA unequivocally

gives Defendants authority to charge a fee for an area that includes certain required amenities, but

is otherwise undefined.  16 U.S.C. § 6802(f)(4).  Like the saving clause in Wyoming, the prohibitions

of § 6802(d) do not divest the Forest Service of the power to charge a standard amenity recreation

---

[6]The court reversed the dismissal of the plaintiffs' APA claim. Summarizing its decision to
affirm the dismissal of the non-APA claims but to reverse the dismissal of the APA claims, the
court explained that its finding "that the FWS possessed the authority to make a decision
regarding the vaccination of elk . . . does not answer the question of whether the FWS properly
exercised that authority." Id. at 1235. The court also noted that, although its review of the
constitutional claims in the context of the non-APA counts made it unnecessary to decide them
again in the context of the APA claims, the constitutional claims could have been considered
under the APA, 5 U.S.C. § 706(2)(B).  Wyoming, 279 F.3d 1214, 1235 n.20.

fee for the use of an area.  Plaintiffs' challenge to the Agency's authority to charge such a fee is based on an allegation that the Agency has erroneously exercised its authority under REA, which is insufficient to invoke the ultra vires exception, rather than the Agency's lack of statutory authority.  Thus, sovereign immunity bars Plaintiffs' First Cause of Action.

Sovereign immunity also bars Plaintiffs' Second Cause of Action because Plaintiffs' Enclave Clause claim lacks merit.  In Wyoming, the Tenth Circuit analyzed the merits of the plaintiffs' Tenth Amendment claim in order to determine whether sovereign immunity had been waived.  Similarly, this Court should analyze whether Plaintiffs' constitutional allegations present a colorable claim based on the relevant case law.  If they do not, then sovereign immunity over those claims is also lacking.  Cf. Simmat v. U.S. Bureau of Prisons, 413 F.3d 1225, 1227 (10th Cir. 2005) (applying Larson exception to sovereign immunity where Complaint alleged long recognized "right of prisoners to relief if prison officials deny them basic medical care, in violation of the Eighth Amendment").  Because the alleged conduct would fall within the Forest Service's broad regulatory powers under the Property Clause, the allegations do not establish a violation of the Enclave Clause, and the Complaint should be dismissed.  See Section III, infra.

C.      There is No Waiver of Sovereign Immunity for Plaintiffs' Monetary Claims.

In addition, there is no waiver of sovereign immunity for Plaintiffs' claims for monetary relief.  Characterizing such claims as claims for "restitution" rather than "money damages" does not alter the analysis required; "[a]lmost invariably . . . suits seeking (whether by judgment, injunction, or declaration) to compel the defendant to pay a sum of money to the plaintiff are suits for 'money damages,' as that phrase has traditionally been applied, since they seek no more than compensation for loss resulting from the defendant's breach of legal duty."  Great-West Life & Annuity Ins. Co. v. Knudson, 534 U.S. 204, 210 (2002) (internal quotation marks omitted); United States v.

$30,006.25, 236 F.3d 610, 614 (10th Cir. 2000) ("[Plaintiffs] do not cite, nor are we aware, of any general waiver of sovereign immunity for unjust enrichment claims.").  Plaintiffs' claims should be dismissed to the extent that they seek a refund of fees collected by the Forest Service.

II.     Plaintiffs' First Cause of Action Must be Dismissed Because there is no Private Right of Action Under REA.

With respect to Plaintiffs' first claim, which relies upon an alleged violation of REA, this Court cannot provide Plaintiffs a remedy unless a statutory private right of action provides a basis for doing so.  Alexander v. Sandoval, 532 U.S. 275, 286-87 (2001) ("[P]rivate rights of action to enforce federal law must be created by Congress. . . . Without [a private remedy], a cause of action does not exist and courts may not create one, no matter how desirable that might be as a policy matter, or how compatible with the statute.") (citations omitted); see also Sw. Air Ambulance, Inc. v. City of Las Cruces, 268 F.3d 1162, 1169 (10th Cir. 2001) (citations omitted) ("[T]he fact that a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person.").  Here, Plaintiffs have not identified a private right of action that permits this Court to award relief for the violations alleged, and their claim must be dismissed. To the extent that Plaintiffs attempt to argue that a right of action should be implied under REA, that argument should be rejected.  Whether a statute confers a right of action depends on whether there is an indication of congressional intent to create a private right of action.  Sw. Air Ambulance, 268 F.3d at 1169.  Here, neither the text nor legislative history of REA support a finding of Congressional intent to create a private right of action.  Moreover, the enacting congress would not have felt it necessary to have provided a private right of action for any unconstitutional or improper applications of REA, since one already exists under the APA.

10

III.   Plaintiffs' Second Cause of Action Should be Dismissed Because the Allegations Fail to State
       a Claim Upon Which Relief May be Granted.

Plaintiffs' Second Cause of Action is premised on their theory that the Forest Service has

violated the Constitution and the Federal Land Policy and Management Act ("FLPMA") by

"threaten[ing] federal criminal prosecution on land within the City and County of Denver." AC ¶¶

42, 61.[7] No Plaintiff has been prosecuted for failure to pay the fee charged for the use of the Mt.

Evans HIRA.[8] The Forest Service's policy is not to conduct enforcement in the City-owned areas,

and no one has ever been prosecuted for violating the fee policy anywhere in Mt. Evans.  Ex. CC,

Cruz Decl. at  ¶ 18.[9]

This factual dispute is immaterial, however.  Even if the Forest Service had chosen to exercise

its regulatory jurisdiction over the non-federal lands, Plaintiffs' claims would fail.  As a matter of

law, Forest Service compliance or enforcement efforts on non-federal lands adjacent to National

---

[7] The Complaint discusses a fee-sharing agreement ("Collection Agreement") between the Forest
Service and the City and County of Denver (hereinafter, "Denver").  AC ¶ 42.  The Collection
Agreement provides for the Forest Service to collect recreation fees "under authority of Denver."
Collection Agreement, attached hereto as "Ex. BB," p.1, ¶ C.1.

[8] One named Plaintiff has received a notice of opportunity to pay the standard amenity recreation
fee while parked on City-owned land in 2007, AC ¶ 6, but the Amended Complaint does not
allege any law enforcement action regarding this notice.  As set forth in the attached declaration
of the Forest Recreation Program Manager, no one has been prosecuted for non-payment of the
fee charged for the use of the Mt. Evans HIRA.  Decl. of Paul Cruz dated Jan. 13, 2008 (attached
hereto as "Exhibit CC") at ¶ 18. The other named Plaintiffs allege either that they pay the fees or
that they do not use the area, and therefore they would not be in imminent danger of prosecution,
even if the Forest Service did enforce fee collection on non-federal land. Under these facts,
Plaintiffs lack standing to challenge the criminal enforcement of REA.

[9] The Agency's decision to refrain from exercising its regulatory authority on non-federal land
represents a sound exercise of its discretion, but does not mean that the Agency lacks that
authority.

11

Forest System lands would be authorized to the extent necessary to protect the federal interest in enforcing the fee policy on federally owned lands within the HIRA.

The Forest Service's ability, should it so choose, to enforce criminal statutes on adjacent, non-federal land derives from the Organic Act and the Property Clause of the Constitution. The Property Clause provides that "Congress shall have Power to dispose of and make all needful Rules and Regulations respecting the Territory or other Property belonging to the United States." U.S. CONST. art. IV, § 3, cl. 2.  The Supreme Court has construed this language expansively and has consistently rejected attempts to limit its scope. See Kleppe v. N.M., 426 U.S. 529, 539-40 (1976).  In Kleppe, the Supreme Court rejected a challenge to the Wild Free-roaming Horses and Burros Act based on the Enclave Clause and upheld the statute as a proper exercise of Congress' constitutional authority under the Property Clause. Id. at 542.  Describing the scope of Congress' power, the court observed that the "power granted by the Property Clause is broad enough to reach beyond territorial limits." Id. at 538.  The Tenth Circuit has also recognized repeatedly, citing Kleppe, that Congress' "power over the public land . . . is without limitations." Branson Sch. Dist. RE-82 v. Romer, 161 F.3d 619, 636 (10th Cir. 1998); Wyoming, 279 F.3d at 1227.

Congress' undisputed power to protect its interest in federal property can extend to regulation of non-federally owned land that is adjacent to federal land. Camfield v. United States, 167 U.S. 518, 524-25 (1897) (act prohibiting the enclosure of public lands of the United States, and providing for the abatement of such enclosures, found constitutional; under the Property Clause, the government may compel the removal of fences erected on private property that enclose public lands in order to protect public lands); United States v. Arbo, 691 F.2d 862, 865 (9th Cir. 1982) (affirming criminal conviction, and holding that government had power to regulate defendant's conduct regardless of whether it occurred on federal land, as long as "the government agents' actions in confronting

12

[defendant] were 'reasonably necessary to protect adjacent federal property.'"); U.S. v. Lindsey, 595 F.2d 5, 6 (9th Cir. 1979) ("It is well established that this clause grants to the United States power to regulate conduct on non-federal land when reasonably necessary to protect adjacent federal property or navigable waters."); Grand Lakes Estates Homeowners' Ass'n v. Veneman, 340 F. Supp. 2d 1162, 1167 (D. Colo. 2004) (same).

The Organic Act, 16 U.S.C. § 551, which authorizes the actions challenged in this lawsuit, delegates Congress' Property Clause power to the United States Department of Agriculture.  Under the statute, the Secretary of Agriculture is empowered to make and promulgate rules and regulations concerning the "occupancy and use" of National Forests.  Courts, including the Tenth Circuit, have interpreted the Forest Service's authority under the Act broadly.  United States v. Hymans, 463 F.2d 615, 617 (10th Cir. 1972) (rejecting argument that regulation promulgated under 16 U.S.C. § 551 was invalid if the purpose was not to "preserve the forests from destruction").  The Tenth Circuit has held that courts should enforce any rules and regulations issued under 16 U.S.C. § 551 that "tend to protect the lands and faithfully preserve the interest of the people of the whole country." Id.

In this case, where the purpose of collecting a standard amenity fee for use of federal facilities at the HIRA could be subverted by individuals who park at Summit Mountain Park in order to access and use federal facilities within the HIRA without paying the required fee, enforcement of the fee in the City-owned areas could be considered necessary to administer the fee program at the Mt. Evans HIRA in a fair and even-handed manner.  Thus, any past efforts by the Forest Service to enforce the payment of the fee on adjacent City-owned lands, to the extent Plaintiffs could show such efforts, could be considered reasonably necessary to protect the government's interest in fairly administering fees for the use of REA-compliant federal lands and facilities, and would constitute a reasonable exercise of federal authority under the Property Clause.  In addition, to the extent that enforcement

13

on locally owned lands is viewed as the enforcement of state or local law, the Agency also has the authority to enforce state and local law on non-federal lands under 16 U.S.C. § 559g.

The constitutional and statutory provisions cited by Plaintiffs in their second claim (the FLPMA, 43 U.S.C. § 1715, and the Enclave Clause[10] of the Constitution, Article I, Section 8, Clause 17), govern the acquisition of federal lands and the scope of the government's authority on those lands, respectively. Neither is germane here, where the alleged practices concern land (Summit Lake Mountain Park and Echo Lake Mountain Park) that is clearly not under federal ownership. The Enclave Clause also does not apply in this case because leaving a notice of opportunity to pay on a parked car in the City-owned areas would not constitute an attempt by the Forest Service to assert "exercise exclusive [l]egislation" in those areas. Kleppe, 426 U.S. at 541-42 & n.11 (rejecting claim that "confuse[d] Congress' derivative legislative powers [under Enclave Clause] with its powers under the Property Clause.").

The Amended Complaint alludes to the Collection Agreement between the Forest Service and the City and County of Denver, AC ¶ 42, and implies that a violation of this agreement is the basis for Plaintiffs' claim that the Forest Service's actions are unconstitutional. The Agency's compliance efforts at Summit Lake would not be a violation of the Collection Agreement, which by its terms contemplates that the Forest Service will conduct compliance efforts. Ex. BB, p. 3 ("Denver shall

---

[10]The Clause authorizes Congress:

> To exercise exclusive Legislation in all Cases whatsoever, over such District . . . as may, by Cession of particular States, and the Acceptance of Congress, become the Seat of the Government of the United States, and to exercise like authority over all Places purchased by the Consent of the Legislature of the State in which the Same shall be, for the Erection of Forts, Magazines, Arsenals, dock-Yards, and other needful Buildings.

U.S. CONST. art. I, § 8, cl. 17 (Emphasis added).

14

provide compliance checks at Summit Lake Park *when the Forest Service is not available*.") (emphasis added). Moreover, Plaintiffs have no standing to assert any violations based on a purported violation of the agreement. <u>Stanton v. Ash</u>, 384 F. Supp. 625, 630 (S.D. Ind. 1974) ("The right to sue does not accrue to a person who does not possess it merely because the appropriate plaintiff, in this case the State . . . is unwilling to assert it.").

The Collection Agreement gives the Forest Service the authority to collect fees on behalf of Denver for the use of the Summit Lake Mountain Park, pursuant to Denver's authority to charge a recreation fee, and to perform maintenance and operate facilities at the park. Ex. BB, p. 1. In return, Denver receives the benefit of the Forest Service's fee collection services and operation and maintenance work (e.g., toilet rental, cleaning, trash pick up, compliance check, and interpretive services). <u>Id.</u> at p. 9.

Plaintiffs have not challenged the authority of either the Forest Service or the City and County of Denver to enter into such an agreement, nor could they. The Forest Service has the authority under REA to enter into agreements with other governmental entities that provide for shared responsibility for fee collection and processing services, revenue sharing, and "cooperative site planning and management provisions." 16 U.S.C. § 6805. The legislative history for REA reflects Congress' understanding that such agreements could benefit the federal government, local governments, and the end users of federal lands:

> Congress intended the Fee Demo Program to encourage collaboration within federal agencies and among federal and non-federal entities. . . . The public benefits from collaborative efforts that minimize multiple fees, or allow visitors to pay a single fee or coordinate fee arrangements for entrance into adjacent recreation areas operated by different agencies or levels of government.

H.R. Rep. No. 108-790(I) at 14 (2004). In addition, the Collection Agreement cites as its authority the Granger-Thye Act, which authorizes the Forest Service to cooperate with public agencies in

15

performing work on non-federally owned land situated within or near a national forest.  16 U.S.C.

§ 572.  The Collection Agreement is a lawful exercise of the Forest Service's and City's power under

the relevant authorities and provides no support for Plaintiffs' claims.

## CONCLUSION

For the foregoing reasons, Defendants move for dismissal of Plaintiffs' claims.

Dated this 15th day of January, 2009

Respectfully Submitted:


RONALD J. TENPAS
Assistant Attorney General


Of Counsel:                                         By: /s/ Stacey Bosshardt
ELLEN HORNSTEIN, Esq.                               STACEY BOSSHARDT
USDA Office of the General Counsel                  United States Department of Justice
Natural Resources Division                          Environment & Natural Resources
U.S. Department of Agriculture                      Division, Natural Resources Section
Stop 1412                                           P.O. Box 663
Washington, D.C. 20250-1412                         Washington, D.C. 20004
                                                    stacey.bosshardt@usdoj.gov
                                                    Telephone: (202) 514-2912
                                                    Facsimile: (202) 305-0506

                                                    Attorneys for Federal Defendants

16

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**CERTIFICATE OF SERVICE (CM/ECF)**

    I hereby certify that on January 15, 2009, I electronically filed the foregoing motion with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

        Mebarilotti@msn.com

                        s/ Stacey Bosshardt
                        ***Stacey Bosshardt***