IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00917-MEH-KMT

DAVID P. SHERER,
JOHN H. LICHT,
MIKE LOPEZ,
BARBARA BRICKLEY, and
AARON JOHNSON,

    Plaintiffs,

v.

UNITED STATES FOREST SERVICE,
GLENN P. CASAMASSA, Forest Supervisor for Arapaho & Roosevelt National Forest, and
DAVID GAOUETTE, United States Attorney,

    Defendants.

---

## ORDER
---

**Michael E. Hegarty, United States Magistrate Judge.**

    Pending before the Court is the Federal Defendants' Motion to Dismiss Under Fed. R. Civ. P. 12(b)(1) for Lack of Subject Matter Jurisdiction and Fed. R. Civ. P. 12(b)(6) for Failure to State a Claim upon which Relief can be Granted [filed January 15, 2009; docket #45]. The parties have consented to the jurisdiction of a Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Docket #27.) The matter is fully briefed, and oral argument would not materially assist the Court in its adjudication. For the reasons set forth below, the Court **grants** the Federal Defendants' Motion to Dismiss.

1

## I. BACKGROUND

Congress initiated the Recreation Fee Demonstration program in 1996, which authorized revenue generated by charging fees for the use of and access to federal lands. The Federal Lands Recreation Enhancement Act ("REA"), enacted in 2005, repealed the Recreation Fee Demonstration program and established new guidelines governing the collection of fees "at Federal recreational lands and waters." 16 U.S.C. §§ 6801-6814. Pursuant to this authority, the United States Forest Service charges a "standard amenity recreation fee" for "recreational use" of the Mt. Evans High-Impact Recreation Area ("HIRA"), in the amount of $10.00 per vehicle or $3.00 for pedestrians. (Docket #45 at 7; *see also* docket #42 at 2.) According to Plaintiffs, the HIRA encompasses the last fifteen miles of Colorado State Highway Five, which runs through the Arapaho National Forest in Colorado. (Docket #42 at 2.) The Defendant Forest Service enforces its fee collection policy on lands within the HIRA by requiring visitors to display a pass demonstrating their fee payment; if visitors do not pay, the Forest Service may issue a Notice of Non-Compliance which Plaintiffs contend requires "payment under threat of legal action." (*Id.* at 6.)

Plaintiffs specifically allege Defendants have violated, and continue to violate, provisions within 16 U.S.C. §§ 6802 and 6811. Section 6802(a) authorizes the Secretary of Agriculture, with respect to the Forest Service, to "establish, modify, charge, and collect recreation fees at Federal recreational lands and waters as provided for in this section." Section 6802(f) articulates criteria for charging a "standard amenity recreation fee," which is the fee in question enforced at the Mt. Evans HIRA. Section 6802(f), in pertinent part, provides that a standard amenity recreation fee may be charged as follows:

> Except as limited by subsection (d) of this section, the Secretary may charge a standard amenity recreation fee for Federal recreational lands . . under the jurisdiction of . . . the Forest Service, but only at the following:
> . . .
> (4) An area - -
>> (A) that provides significant opportunities for outdoor recreation;
>> (B) that has substantial Federal investments;
>> (C) where fees can be efficiently collected; and
>> (D) that contains all of the following amenities:
>>> (i) Designated developed parking.
>>> (ii) A permanent toilet facility.
>>> (iii) A permanent trash receptacle.
>>> (iv) Interpretive sign, exhibit, or kiosk.
>>> (v) Picnic tables.
>>> (vi) Security services.

The limiting provision referred to in Section 6802(f), Section 6802(d)(1), lists explicit prohibitions on fees, stating:

> The Secretary shall not charge any standard amenity recreation fee . . . for Federal recreational lands . . . administered by . . . the Forest Service . . . for any of the following:
> (A) Solely for parking, undesignated parking, or picnicking along roads or trailsides.
> (B) For general access unless specifically authorized under this section.
> . . .
> (D) For persons who are driving through, walking through, boating through, horseback riding through, or hiking through Federal recreational lands and waters without using the facilities and services.
> (E) For camping at undeveloped sites that do not provide a minimum number of facilities and services as described in subsection (g)(2)(A) of this section.
> (F) For use of overlooks or scenic pullouts.
> . . .

Additionally, Section 6802(e)(2) explicitly bars charging an entrance fee "for Federal recreational lands and waters managed by . . . the Forest Service." Section 6801(3) defines an entrance fee as "the recreation fee authorized to be charged to enter onto lands managed by the National Park Service or the United States Fish and Wildlife Service." Section 6811 describes

the enforcement authority and permissible mechanisms to ensure payment of the recreation fees as authorized in the REA.

Plaintiffs assert that Defendant Forest Service is violating the guidelines set in the REA by its collection of fees at the Mt. Evans HIRA. Plaintiffs, all residents of Colorado, attest to their use of the HIRA in question for parking, taking photos, skiing, climbing, picnicking, hiking, and other general recreational activities. (Docket #42 at 6-7.) Plaintiffs state "the unlawful charging of a standard amenity fee" at the Mt. Evans HIRA is "per se harmful." (*Id*. at 6.) Plaintiffs also represent that certain parks, owned by the City of Denver or State of Colorado, although within the HIRA, should not be subjected to the enforcement of fees by the Forest Service. (*Id*.) Plaintiffs contend the Defendant Forest Service "threatens to and has prosecuted persons for conduct engaged in by Plaintiffs," in that Plaintiffs seek to "freely park" and "access the wilderness" without paying a fee that they believe violates the REA and the Constitution. (*Id*.)

Plaintiffs submit the Court may exercise jurisdiction over their Amended Complaint pursuant to 28 U.S.C. §§ 1331, 1361, and 2201. (*Id*. at 3.) Plaintiffs request declaratory and injunctive relief from the Court, namely, declarations stating the Forest Service "exceeded the scope of its legislative authority in establishing the Mt. Evans HIRA wherein fees are charged for that which Congress has prohibited," and the Forest Service has no jurisdiction "to enforce the REA on non-federal land." (*Id*. at 16.) Plaintiffs further ask that the Court enjoin Defendant Forest Service "from further implementation of its policy," and that the Court order the removal of "all signs in the HIRA requiring persons who park therein to display a pass." (*Id*.) Additionally, Plaintiffs seek the reimbursement of the fees Plaintiffs paid to the Forest Service

when parking, hiking, and bicycling in the HIRA, as well as their reasonable costs, fees, and expenses of litigation. (*Id*.)

In response to Plaintiffs' Amended Complaint filed December 8, 2008, Defendants submitted the Motion to Dismiss presently before the Court, as well as a Motion for Summary Judgment contemporaneously on January 15, 2009. (Docket #46.) Defendants ask the Court to consider the Motion for Summary Judgment in the alternative, if the Court denies Defendants' Motion to Dismiss. (Docket #46 at 7; *see also* docket #45 at 7.) In their Motion to Dismiss, Defendants contend the Court lacks subject matter jurisdiction in this case because Plaintiffs failed to identify a proper waiver of sovereign immunity, and sovereign immunity bars Plaintiffs' claim for fee reimbursement, which Defendants assert is, in fact, a request for money damages. (Docket #45 at 11.) Defendants also represent that the REA does not provide a private right of action allowing Plaintiffs' first claim, which alleges that Defendants exceeded and continue to surpass the statutory authority allotted to them by the REA. (*Id*. at 16; *see* docket #42 at 13.) Defendants assert Plaintiffs' second claim, that the Forest Service exceeds the REA's statutory authority by "enforcing federal law on non-federal lands," fails to state a claim upon which relief may be granted, in that the Forest Service derives such authority from "the Organic Act and the Property Clause of the Constitution." (Docket #45 at 17-18.)

For the reasons stated below, the Court finds Plaintiffs fail to establish the necessary waiver or exception to waiver of sovereign immunity and, therefore, Plaintiffs' Amended Complaint must be dismissed for lack of subject matter jurisdiction.[1]

---

[1]The Court determines Plaintiffs' case must be dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), rendering a 12(b)(6) evaluation unnecessary. *E.g.*, *Mounkes v. Conklin,* 922 F. Supp. 1501, 1506 (D. Kan. 1996) (citation omitted).

## II. STANDARD OF REVIEW

Fed. R. Civ. P. 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter." Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case, but only a determination that the court lacks authority to adjudicate the matter. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). A court lacking jurisdiction "must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusory allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). Further, under a 12(b)(1) motion, "a court has 'wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts." *Stuart v. Colorado Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001) (quoting *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995)). In such an instance, "a court's reference to evidence outside the pleadings does not convert the motion into a Rule 56 motion." *Stuart*, 271 F.3d at 1225.

In a lawsuit against the United States or an agency of the United States, the United States must waive its sovereign immunity and consent to suit in order for a court to exercise subject matter jurisdiction over the case. *See, e.g., U.S. v. Mitchell*, 463 U.S. 206, 212 (1983) (the defense of sovereign immunity is jurisdictional); *see also Lonsdale v. U.S.*, 919 F.2d 1440, 1442-44 (10th Cir. 1990). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *See Basso*, 495 F.2d at 909.

## III. ANALYSIS

The Court construes an action against a federal officer in her or his official capacity for injunctive relief, as well as an action against a federal agency for injunctive relief, as an action against the United States itself. *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 687-88 (1949); *Merida Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005) (stating federal agencies, like the United States as sovereign, are "shielded by sovereign immunity" (citation omitted)); *Atkinson v. O'Neill*, 867 F.2d 589, 590 (10th Cir. 1989) ("when an action is one against named individual defendants, but the acts complained of consist of actions taken by defendants in their official capacity as agents of the United States, the action is in fact one against the United States." (citations omitted)). Thus, Plaintiffs bear the burden of establishing that the United States waived sovereign immunity regarding the claims in this matter in order for the Court to exercise subject matter jurisdiction. *United States v. Dalm*, 494 U.S. 596, 608 (1990) (the United States may not be sued without its consent). In their Amended Complaint, Plaintiffs allege that the Court may exercise jurisdiction pursuant to 28 U.S.C. §§ 1331, 1361, and 2201, governing federal question jurisdiction, mandamus, and declaratory judgment respectively. (Docket #42 at 3.) Defendants contend none of these asserted statutes properly and necessarily waive sovereign immunity. (Docket #45 at 11.)[2]

"Waiver of sovereign immunity must be explicit and cannot be implied." *High Country Citizens Alliance v. Clarke*, 454 F.3d 1177, 1181 (10th Cir. 2006). Section 1331 of 28 U.S.C. confers general jurisdiction, and by itself, is insufficient to constitute a waiver of sovereign

---

[2]Defendants correctly point out Plaintiffs did not assert 5 U.S.C. § 702 in their Amended Complaint, nor have Plaintiffs sought leave to amend; therefore, the Court declines to analyze jurisdiction pursuant to 5 U.S.C. § 702 in adjudicating the Motion to Dismiss. (*See* Docket #45 at 11.)

immunity. *Id*. The same holds true for 28 U.S.C. § 2201. *Wyoming v. United States*, 279 F.3d 1214, 1225 (10th Cir. 2002) (citing *New Mexico v. Regan*, 745 F. 2d 1318, 1323 (10th Cir. 1984)). Section 1361 of 28 U.S.C., the mandamus statute, "provides federal district courts with 'original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.'" *Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1244 (10th Cir. 2007). The Tenth Circuit explicitly stated, "[s]overeign immunity [ ] does not bar a district court from exercising subject-matter jurisdiction granted under § 1361." *Id*. at 1245 (citing *Simmat v. U.S. Bureau of Prisons*, 413 F.3d 1225, 1234 (10th Cir. 2005)). Therefore, the Court proceeds to determine whether Plaintiffs are entitled to mandamus relief in this matter and concludes that they are not. *See id*. (demonstrating the Tenth Circuit's analysis regarding mandamus relief).

### A. *Plaintiffs Fail to Establish A Right to Mandamus*

"Mandamus is the traditional writ designed to compel government officers to perform nondiscretionary duties." *Simmat*, 413 F.3d at 1234. "Mandamus relief is an appropriate remedy to compel an administrative agency to act where it has failed to perform a nondiscretionary, ministerial duty." *Marathon Oil Co. v. Lujan*, 937 F.2d 498, 500 (10th Cir. 1991). However, "the remedy of mandamus is a drastic one, to be invoked only in extraordinary circumstances." *Wilder v. Prokop*, 846 F.2d 613, 620 (10th Cir. 1988) (citations omitted). The Court, in evaluating a writ of mandamus action, must consider three prerequisites before exercising its discretion in determining whether to issue the writ: (1) Plaintiffs must have "a clear right to relief," (2) the Defendants' "duty to perform the act in question is plainly defined and peremptory," as well as non-discretionary and ministerial, and (3) Plaintiffs have "no other adequate remedy." *Schoenrogge v. Rooney*, 255 F. App'x 324, 325-26 (10th Cir. 2007) (citing

*Rios v. Ziglar*, 398 F.3d 1201, 1206 (10th Cir. 2005)); *see also Marathon Oil Co.*, 937 F.2d at 500 ("the issuance of the writ is a matter of the issuing court's discretion." (citation omitted)). Notably, the ministerial distinction reinforces the "well-taken rule" that the judiciary should not presume to control a public official when Congress vests such official with discretionary authority. *Estate of Smith v. Heckler*, 747 F.2d 583, 591 (10th Cir. 1984). However, the Tenth Circuit also determined that "even in an area generally left to agency discretion, there may well exist statutory or regulatory standards delimiting the scope or manner in which such discretion can be exercised. In these situations, mandamus will lie when the standards have been ignored or violated." *Id.* (citations omitted).

Plaintiffs contend their "clear right to relief" arises from their interest in ensuring "that the Service follows the limiting dictates of the REA." (Docket #48 at 10.) However, a "generalized assertion cannot be a 'clear right' sufficient to be the basis for a mandamus action." *Schoenrogge*, 255 F. App'x at 326 (determining plaintiff's assertion that his status as a U.S. citizen and defendant's status as a federal government employee fails to gives plaintiff a clear right to relief). The cases cited by Plaintiffs to support their contention that the plain language of the REA somehow bestows a "clear right to relief" on Plaintiffs for the claims at hand describe situations where the individual seeking mandamus could demonstrate an indisputable specific right to the relief requested. *Rios*, 398 F.3d at 1206-07 (plaintiff brought petition for mandamus to order the Immigration & Naturalization Service to process his NACARA immigration application); *Marathon Oil Co.*, 937 F.2d at 500 (plaintiff submitted writ of mandamus to order defendants to process plaintiff's oil shale mining patent applications). These cases are distinguishable from Plaintiffs' broad and conclusory claim that Plaintiffs, for distinct reasons

unknown, enjoy some specific right to require the Forest Service "to adhere to the limiting provisions of the [REA]." (Docket #48 at 10.)

Plaintiffs' "zone of interests" test[3] fails as well under these circumstances. Consistent with the Tenth Circuit's determination in *Schoenrogge*, the Fifth Circuit persuasively concluded "general claims of agency overreaching are simply insufficient to create a legal duty under the Mandamus Act." *Dunn-McCampbell Royalty Interest, Inc. v. National Park Service*, 112 F.3d 1283, 1288 (10th Cir. 1997). Plaintiffs' allegations in essence constitute a challenge to *how* the Forest Service exercised its authority to implement the REA, not to the authority itself. This case is not one where an agency is attempting to "avoid discharging the duties that Congress intended [it] to perform," which demonstrates potential satisfaction of the second consideration in determining whether to issue a writ of mandamus, but one where Plaintiffs contest a discretionary function as exercised by the Defendant Forest Service, as further explained below. *Marathon Oil Co.*, 937 F.2d at 500. Therefore, the Court determines Plaintiffs fail to establish a clear and indisputable right to relief in the form of mandamus, nor do they establish Defendants' breach of a plainly defined peremptory ministerial duty.

Moreover, Plaintiffs cannot meet the third consideration regarding "no other adequate remedy" because they could challenge the Forest Service's actions through the Administrative Procedure Act ("APA") process, which exists to challenge agency actions. *See Lauran v. U.S. Forest Service*, 141 F. App'x 515 (9th Cir. 2005) (case challenging the Recreational Fee Demonstration Program as replaced by the REA pursuant to the APA); *see also* 16 U.S.C. §

---

[3]For this proposition, Plaintiffs cite *Hernandez-Avalos v. INS*, 50 F.3d 842, 844-45 (10th Cir. 1995) (finding that because the statute in question purposed to benefit taxpayers and government prison systems, incarcerated alien outside of the statutory zone of interests could not bring petition for mandamus). (Docket #48 at 9-10.)

6803 (REA provision regarding public participation); *Wyoming v. United States*, 279 F.3d at 1235-38. In fact, Defendants argue and the Court agrees that Plaintiffs should not be allowed to seek the benefit of the APA's waiver of sovereign immunity, yet avoid the procedural requirements of the APA. (*See* docket #53 at 8.) Plaintiffs' initial Complaint alleged the APA as jurisdictional grounds for their claimed relief; later, Plaintiffs submitted an Amended Complaint which omitted such grounds and did, in fact, submit pleadings not relying on the APA. (*See* dockets #38, 40; discussion on the record at December 1, 2008 hearing.) Accordingly, even though the Court may establish a waiver of sovereign immunity to adjudicate Plaintiffs' claims pursuant to 28 U.S.C. § 1361, Plaintiffs fail to meet their burden in establishing their right to mandamus relief. Therefore, the Court dismisses Plaintiffs' assertion of Section 1361 as a proper jurisdictional basis in this matter.

### B.  *Plaintiffs' Two Causes of Action Do Not Constitute Recognized Exceptions to the Requisite Explicit Waiver of Sovereign Immunity*

Sovereign immunity generally prohibits suits for injunctive or declaratory relief against the United States, its agents in their official capacities, and its agencies. However, the Supreme Court recognized two narrow exceptions to this general rule. "A court may regard a government officer's conduct as so 'illegal' as to permit a suit for specific relief against the officer as an individual if (1) the conduct is not within the officer's statutory powers or, (2) those powers, or their exercise in the particular case, are unconstitutional." *Wyoming v. United States*, 279 F.3d at 1225 (citing *Larson*, 337 U.S. at 702); *see also Simmat*, 413 F.3d at 1232-33 (concluding sovereign immunity did not bar an inmate's claim for injunctive relief against prison dentists pursuant to the Eighth Amendment). To conclude the question of whether sovereign immunity precludes Plaintiffs' claims in this matter, the Court evaluates whether Plaintiffs' two claims fit

in either of the two exceptions to the general rule prohibiting suits for injunctive or declaratory relief against the sovereign. For the following reasons, the Court finds they do not.

As previously described, Plaintiffs request declaratory and injunctive relief, including reimbursement of fees already paid by Plaintiffs to the Forest Service for their enjoyment of the Mt. Evans HIRA. (Docket #42 at 16-17.) The government argues the reimbursement sought by Plaintiffs constitutes money damages, but the Court disagrees. A request for reimbursement of monies allegedly improperly collected is not a request for damages, but rather a request for specific injunctive relief. *See, e.g., Bowen v. Massachusetts*, 487 U.S. 879, 893 (1988) (". . . an equitable action for specific relief . . . may include an order providing for the reinstatement of an employee with backpay, or for 'the recovery of specific property or monies . . .'") (quoting *Larson*, 337 U.S. at 688); *Department of Army v. Blue Fox*, 525 U.S. 255, 262 ("[d]amages are given to the plaintiff to substitute for a suffered loss, whereas specific remedies 'are not substitute remedies at all, but attempt to give the plaintiff the very thing to which he was entitled'"). Therefore, the Court concludes Plaintiffs request specific relief only and proceeds to analyze whether Plaintiffs' allegations meet the two stated waiver of sovereign immunity exceptions.

### 1. First Cause of Action: Exceeding the Scope of the REA

As their First Cause of Action, Plaintiffs explicitly assert that Defendant Forest Service's "policy exceeds the scope of its legislative authority since it developed the policy without following the substantive law that defines and delimits the scope of its authority," by charging and enforcing fees Plaintiffs construe as violative of the REA's prohibitions on entrance fees and as listed in Section 6802(d)(1). (*See* docket #42 at 1, 13.) Plaintiffs characterize these violations as ultra vires acts. In *Larson*, the Supreme Court described ultra vires actions as those an

individual officer conducts outside of which "the sovereign has empowered" or "in a way which the sovereign has forbidden." 337 U.S. at 689. However, the *Larson* Court emphasized that in such cases specific relief may be granted "without impleading the sovereign, only because of the officer's lack of delegated power. A claim of error in the exercise of that power is therefore not sufficient." *Id*. at 690. Moreover, the Supreme Court clearly "rejected the argument that official action is invalid if based on an incorrect decision as to law or fact, if the officer making the decision was empowered to do so." 337 U.S. at 695; *see also Wyoming*, 279 F.3d at 1229-30 (concluding "an officials' erroneous exercise of delegated power is insufficient to invoke the exception" (citations omitted)). Thus, assuming Plaintiffs' contentions are true, the Court must determine whether Plaintiffs allege Defendants' conduct constitutes an ultra vires act due to the lack of delegated power, or whether Plaintiffs' claims amount to an insufficient "claim of error" or "incorrect decision as to law or fact" made by Defendants.

Defendants contend the "REA unequivocally gives Defendants authority to charge a fee for an area that includes certain required amenities," and the prohibitions limiting such fee collection "do not divest the Forest Service of the power to charge a standard amenity recreation fee." (Docket #45 at 14-15.) Defendants argue Plaintiffs challenge the manner in which the Forest Service exercises its authority allocated under the REA (not that the Forest Service actually lacks such delegated authority), which is therefore "insufficient to invoke the ultra vires exception." (*Id*. at 15.) Plaintiffs respond with the conclusory allegation that "the REA limits the authority and discretion of the Service rather than conferring broad authority to it." (Docket #48 at 14.) For the following reasons, the Court agrees with Defendants.

Section 6802(a) of 16 U.S.C. states, "the Secretary may establish, modify, charge, and collect recreation fees at Federal recreational lands and waters as provided for in this section."

13

On its face, Plaintiffs' First Cause of Action recognizes the REA's delegation of authority to the Forest Service to charge fees, in that Plaintiffs assert the policy enacted by the Service exceeds the scope of such authority. Plaintiffs' contentions do not indicate the Service lacks authority to charge fees, but contest the manner in which the Service implemented the provisions of the REA. The Court believes such claim amounts to an allegation that the Service acted incorrectly or erroneously, not that the Service acted without the requisite delegated authority to act. Therefore, Plaintiffs' First Cause of Action does not comport with the ultra vires doctrine, articulated as the first exception to the general prohibition precluding suits for specific relief against the sovereign.

The second exception evaluates the constitutionality of the statutory powers or exercise thereof in question. In their First Cause of Action, Plaintiffs argue Defendants' alleged ultra vires actions violate the separation of powers pursuant to Article One, Section One of the U.S. Constitution. (Docket #42 at 13.) As the Court already determined Plaintiffs' contentions do not properly invoke the ultra vires doctrine, the Court need not consider whether such allegations satisfy the second exception to the general prohibition of suits for specific relief against the sovereign. Accordingly, Plaintiffs fail to properly establish waiver of sovereign immunity or an exception thereto regarding their First Cause of Action. The Court dismisses Plaintiffs' First Cause of Action with prejudice for lack of subject matter jurisdiction.

### 2. Second Cause of Action: Federal Enforcement on Non-Federal Land

Plaintiffs' Second Cause of Action alleges Defendant Forest Service "exceeds the scope of its legislative authority by enforcing federal law on non-federal lands," because Plaintiffs contend the Forest Service charges and enforces the Mt. Evans HIRA fee collection on two municipal parks and Colorado State Highway Five. (Docket #42 at 15.) Plaintiffs believe the

Forest Service violated the requirements of the Federal Land Policy and Management Act ("FLPMA"), 43 U.S.C. § 1715, by not acquiring ownership of the state and municipal properties before enforcing the REA fee. (*Id*. at 16.) Plaintiffs further assert by exercising enforcement jurisdiction over such areas, Defendants violate Article One, Section Eight, Clause Seventeen of the U.S. Constitution, known as the Enclave Clause. (*Id*.) Defendants counter that sovereign immunity bars Plaintiffs' Second Cause of Action "because Plaintiffs' Enclave Clause claim lacks merit." (Docket #45 at 15.) Defendants contend the Forest Service's actions contested by Plaintiffs fall within its "broad regulatory powers under the Property Clause, [thus] the allegations do not establish a violation of the Enclave Clause." (*Id*.)

To reiterate, suits for specific relief against the sovereign may be permitted if "(1) the conduct is not within the officer's statutory powers or, (2) those powers, or their exercise in the particular case, are unconstitutional." *Wyoming v. United States*, 279 F.3d at 1225 (citing *Larson*, 337 U.S. at 702). Regarding the first exception, Defendants rely on the Organic Act delegating authority to the Secretary of Agriculture and the Property Clause of the U.S. Constitution in support of their contention that Defendants are authorized "to the extent necessary to protect the federal interest in enforcing the fee policy on federally owned lands within the HIRA."[4] (Docket #45 at 18.) The Property Clause grants broad power to Congress to "make all needful Rules and Regulations respecting the Territory and other Property belonging to the United States." U.S. Const., art. IV, § 3, cl. 2. "It is well-established law that this clause grants power to the United States to regulate conduct on non-federal land when reasonably

---

[4] Notably, in their Motion to Dismiss, Defendants represent to the Court that "the Forest Service's policy is not to conduct enforcement in the City-owned areas, and no one has ever been prosecuted for violating the fee policy anywhere in Mt. Evans." (Docket #45 at 17; docket #45-4 at 4-6.)

necessary to protect adjacent federal property or navigable waters." *Grand Lakes Estates Homeowners Ass'n v. Veneman*, 340 F. Supp. 2d 1162, 1166-67, (D. Colo. 2004) (citing *United States v. Lindsey*, 595 F.2d 5, 6 (9th Cir.1979)); *see also Kleppe v. New Mexico*, 426 U.S. 529, 538, (1976). This District further recognized "federal regulation may exceed federal boundaries when necessary for the protection of . . . government forest land or objectives." *Grand Lakes Estates Homeowners Ass'n*, 340 F. Supp. 2d at 1167.

Additionally, the Tenth Circuit agrees that Section 551 of 16 U.S.C. "authorizes the Secretary of Agriculture in the management of the forests to issue rules 'to regulate their occupancy and use.' As long as such rules and regulations tend to protect the lands and faithfully preserve the interest of the people of the whole country in the lands, the courts should enforce such rules and regulations." *United States v. Hymans*, 463 F.2d 615, 617 (10th Cir. 1972) (citation omitted).

As the Court determined in its analysis of Plaintiffs' first claim, the REA delegates authority to the Secretary of Agriculture, with regard to lands managed by the Forest Service, to "establish, modify, charge, and collect recreation fees at Federal recreational lands." 16 U.S.C. § 6802(a). Moreover, Section 6805 of the REA explicitly delegates authority to enter into fee management agreements "with any governmental or nongovernmental entity . . . for the purpose of obtaining fee collection and processing services." This provision also contemplates "cooperative site planning and management provisions" in a fee management agreement. 16 U.S.C. § 6805(c). Defendants, pursuant to the REA, conducted an operative "collection agreement" with the City and County of Denver regarding the municipal properties adjacent to the Mt. Evans recreation area. (*See* docket #45-3.)

16

Similar to the Court's analysis regarding Plaintiffs' First Claim, the Court concludes Plaintiffs' Second Claim does not meet Plaintiffs' burden of establishing that the conduct Plaintiffs contest exceeds the authority of the REA or otherwise violates the Constitution. The Property Clause, in conjunction with 16 U.S.C. § 551, provides broad authority to the Forest Service to regulate non-federal lands as is reasonably necessary to protect the interests of government forest land management or objectives. Thus, Plaintiffs' allegations that Defendants' actions violate the Enclave Clause implicate erroneous or incorrect exercises of authority, which fall outside the purview of the first exception to an explicit waiver of sovereign immunity.

The second exception evaluates the constitutionality of the statutory powers or exercise thereof in the case at hand. Again, Plaintiffs contend that Defendants' actions regarding implementation of the REA at the Mt. Evans HIRA violate the Enclave Clause because Defendants did not acquire ownership of the state- or municipality-owned lands adjacent to the federal property. (Docket #42 at 15-16.) In *Kleppe*, the Supreme Court described how the Enclave Clause empowers Congress to "acquire derivative legislative power from a State . . . by consensual acquisition of land, or by nonconsensual acquisition followed by the State's subsequent cession of legislative authority over the land." 426 U.S. at 542. However, the Court recognized such power dynamic between a State and Congress fails to dilute Congressional power pursuant to the Property Clause. *Id*. at 542-43. Because the Property Clause, in conjunction with 16 U.S.C. § 551, provides broad authority to the Forest Service to regulate non-federal lands as is reasonably necessary to protect the interests of government forest land management or objectives, the Court finds Plaintiffs' allegation that Defendants' actions violate the Enclave Clause falls short of establishing the unconstitutionality necessary to invoke the second exception to an explicit waiver of sovereign immunity.

17

The Court holds Plaintiffs failed to meet their burden of establishing a waiver of sovereign immunity or exception thereto in their Amended Complaint, regarding either their First or Second Claims for Relief. Therefore, the Court may not exercise subject matter jurisdiction over their claims, and Plaintiffs' Amended Complaint is dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(1).

## IV.  CONCLUSION

Accordingly, it is hereby ORDERED that the Federal Defendants' Motion to Dismiss Under Fed. R. Civ. P. 12(b)(1) for Lack of Subject Matter Jurisdiction and Fed. R. Civ. P. 12(b)(6) for Failure to State a Claim upon which Relief can be Granted [filed January 15, 2009; docket #45] is **GRANTED**, and Plaintiffs' Amended Complaint is dismissed with prejudice.

It is further ORDERED that the Federal Defendants' Motion for Summary Judgment [filed January 15, 2009; docket #46] is **DENIED AS MOOT**; and

It is further ORDERED that the Telephonic Status Conference set for February 24, 2009, at 9:30 a.m. is hereby **vacated**.

Dated at Denver, Colorado, this 23rd day of February, 2009.

BY THE COURT:

 s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge